UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darryl Mungin, # 255562, | ) C/A No. 2:11-CV-0340-MBS-BM |
|                 Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| | ) **for** |
| Detective Eugene Magwood; and Charleston County Sheriff's Office, | ) ***Partial* Summary Dismissal** |
|                 Defendants. | ) |

      Plaintiff is an inmate at the Walden Correctional Institution of the South Carolina Department of Corrections. The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that Plaintiff is serving an eighteen-month sentence for assault and battery of a high and aggravated nature (ABHAN). His conviction was entered in the Court of General Sessions for Charleston County in 2010.

      The above-captioned case concerns criminal charges that were dropped. *See* Plaintiff's Answers to Court's Special Interrogatories (ECF No. 13). In a separately-filed order, the undersigned is authorizing service of process upon Defendant Eugene Magwood, a detective.



1

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the Defendant Charleston County Sheriff's Office is entitled to summary dismissal. A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); and the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550 (2008); 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (2008), which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for



neglect of duty or misconduct by a deputy sheriff.  *See also Edwards v. Lexington County Sheriff's Department*, 386 S.C. 285, 287 n. 1, 688 S.E.2d 125, 127 n.1 (2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Allen v. Fidelity and Deposit Company*, 515 F. Supp. 1185, 1189-91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *affirmed*, 694 F.2d 716 (4th Cir. 1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: "Sheriff Brown is an arm of the State.").  As a state agency, the Charleston County Sheriff's Office is immune from suit under the Eleventh Amendment. *Dean v. Barber*, 951 F.2d 1210, 1215 n. 4 (11th Cir. 1992) (a county sheriff's department was not a proper defendant in a § 1983 action because state law did not allow it to be sued); *Snead v. Alleghany Sheriff Dep't*, No. _____, 2009 WL 2003399 at * 1 (W.D.Va. July 7, 2009) ("Because Eleventh Amendment immunity extends to [ ] Sheriff's Department, [Plaintiff] has not stated a proper Defendant for §1983 purposes."); *see also Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 71 (1989); *Brooks-McCollum v. Delaware*, 213 Fed.Appx. 92, 94 (3rd Cir. 2007); *Metz v. Supreme Court of Ohio*, 46 Fed.Appx. 228, 236-237 (6th Cir. 2002); *see also Coffin v. South Carolina Dep't of Social Services*, 562 F.Supp. 579, 583-585 (D.S.C. 1983); *Belcher v. South Carolina Board of Corrections*, 460 F.Supp. 805, 808-809 (D.S.C. 1978).

### *Recommendation*

Accordingly, it is recommended that the Court dismiss the Charleston County Sheriff's Office as a party Defendant from the above-captioned case *without prejudice* and without issuance and service of process.

3



Plaintiff's attention is directed to the important Notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

March 29, 2011
Charleston, South Carolina

4



**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).